POSNER, Circuit Judge,
concurring in part and dissenting in part.
My disagreement is limited to the rejection of the officers’ defense of qualified immunity. The Cook County Sheriffs po *319 lice have a practice, which seems sensible and is supported by the only case I have found dealing with such a practice, Boone v. State, 39 Md.App. 20, 383 A.2d 412, 419 (1978), of seizing any weapons found during the course of an eviction at which police are present, even if there is no reason to believe that the weapons are contraband or evidence of crime. The seizure is temporary; the owner is entitled to their return; and since eviction can be an emotional experience, see, e.g., Mellott v. Heemer, 161 F.3d 117, 122-23 (3d Cir.1998); Parrott v. Wilson, 707 F.2d 1262, 1265-66 (11th Cir.1983) — in the second of these eases the eviction led to gunfire and death — and placing a cache of weapons along with the rest of the tenant’s property on the sidewalk can be an invitation to thieves, the temporary sequestration of the tenant’s guns by the police is a justifiable measure of public safety. I do not understand the majority to disagree with this proposition, and it follows a fortiori that the police would be protected by the doctrine of official immunity from any suit for damages based on such a seizure. Of course the police who seized Perry’s weapons could not reasonably have believed that they had a right to seize any and all property found on a tenant’s premises in the course of an eviction. But in an analysis of their immunity defense the only question would be whether they could reasonably have believed themselves entitled to seize weapons found there. Any idea that because the police can’t seize everything they find, they can’t seize anything they find, would be not only a logical error but also a violation of the principle that a claim of immunity is defeated not by invoking generalities but by showing that the specific conduct complained of had been determined to be unlawful before the defendants acted, so that they were on clear notice of the unlawfulness of the conduct. E.g., Wilson v. Layne, 526 U.S. 603, 614-15, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); Anderson v. Creighton, 483 U.S. 635, 639-41, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Greenberg v. Kmetko, 922 F.2d 382, 384 (7th Cir.1991).
The wrinkle here is that the police learned during the course of the eviction that it had been stayed yet took the weapons anyway. It is arguable, however, that the need for a “cooling off’ period remained and that it would have been imprudent for the police, having begun to collect the weapons preparatory to removing them, to return them to Mr. Perry and then, as it were, turn their backs to him and leave. It is not a conclusive argument, but it is not so off the wall as to excuse the plaintiff, if he wants to argue that no reasonable police officer could rely on such an argument, to present some case authority rejecting it. This he has not done and could not do. It is true that when the constitutional violation is patent, the defense of immunity can be rejected without case authority. Burgess v. Lowery, 201 F.3d 942, 944-45 (7th Cir.2000); Anderson v. Romero, 72 F.3d 518, 526-27 (7th Cir.1995); Eberhardi v. O’Malley, 17 F.3d 1023, 1028 (7th Cir.1994); McBride v. Village of Michiana, 100 F.3d 457, 460 (6th Cir.1996); Buonocore v. Harris, 65 F.3d 347, 356-57 (4th Cir.1995). The violation might be so patent that no one had ever committed it or sought to fight a suit complaining of it. But that is not this case. The majority opinion misses the point when it says that “the argument that the defendants needed to seize the firearms because evictions are inherently volatile situations is patently unsupported by the facts here.” If, as this passage could be read to concede, evictions are indeed inherently volatile, then prudence would justify the seizure of weapons even if the tenant did not appear to be violent. At least the argument that it would is not so ridiculous that it can be rejected on the basis of “basic Fourth Amendment law.” What the majority calls “basic Fourth Amendment law” is merely the generalities of Fourth Amendment doctrine; and general principles do not decide immunity issues, as the Supreme Court made clear *320 in the Wilson and Anderson decisions that I cited.
We ought to use some imagination, and put ourselves in the place of these police officers, not learned in the law, when the eviction was called off. Could it really be said that they should have known that the Constitution prohibited them from temporarily sequestering Perry’s alarming pile of weaponry? I think not. The defendants are entitled to immunity from the plaintiffs claim of damages, and I would therefore affirm the dismissal of both suits.